RECEIVED

MAR 12 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DARLENE M. HEBERT | CIVIL ACTION NO. 07-0084 |
| VERSUS | JUDGE DOHERTY |
| WERNER ENTERPRISES, INC. and RODNEY WLKER | MAGISTRATE JUDGE HILL |

## RULING & ORDER

Pending before this Court is a Motion for Summary Judgment filed by defendants, Werner Enterprises, Inc. and Rodney Walker.[1] This suit involves a slip and fall which occurred while plaintiff, a Dollar General Store manager, was conducting a final inspection of a trailer which had just been unloaded with Dollar General merchandise.[2] In its motion, defendants argue they are "entitled to summary judgment as a matter of law because the pleadings, the attached depositions and exhibits show that there is no genuine material issue of fact that Werner Enterprises and Rodney Walker had no duty to warn Ms. Hebert of any spill on the floor of the trailer because the spill was open and obvious and did not present an unreasonable risk of harm." [Rec. Doc. 24 at 1]

Considering the burden of production associated with summary judgment motions, the legal presumptions which attach to evidence produced by a non-movant, and the prohibition against

---

[1] Additionally pending before the Court is plaintiff's motion for leave to file a sur-reply. [Rec. Doc. 41] The motion is **GRANTED.**

[2] It appears all parties concede the trailer was owned by Dollar General, but the truck pulling the trailer was owned by Werner Enterprises and the driver (Rodney Walker) was Werner's employee. It also appears all parties concede Dollar General initially loaded the trailer, prior to it being picked up by Mr. Walker for delivery to various Dollar General stores.

weighing evidence in this context, this Court finds that the plaintiff's evidence concerning the following alleged facts suffices to demonstrate the existence of a genuine issue of material fact as to the defendant's liability[3]:

- whether Mr. Walker knew there was a spill on the floor of the trailer yet failed to warn plaintiff;

- whether the spill was sufficiently open and obvious such that there was no unreasonably dangerous condition, particularly where, as here, there is testimony plaintiff was being distracted by Mr. Walker during her inspection (and at the time defendants assert she should have seen the allegedly obvious condition); and

- whether the spill was caused by the intervening negligence of Mr. Walker after the trailer was in defendants' custody (as opposed to negligence caused by "the way they [merchandise] were loaded by Dollar General employees"). [Rec. Doc. 24 at 9]

For the foregoing reasons, the defendant's Motion for Summary Judgment is **DENIED** in its entirety.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 12 day of June, 2008. March

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[3]The Court notes this is not an exhaustive listing of the general issues of material fact in this case.